UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * * *

Daniel Guevara,

Plaintiff,

vs. REPORT AND RECOMMENDATION

Minnesota Department of Corrections; Bert Mohs, Warden, Rush City; John King, Assistant Warden, Rush City,

Defendants. Civ. No. 01-660 (PAM/RLE)

* * * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 20th day of April, 2001.

I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon the Plaintiff's Application to Proceed in forma pauperis. The Plaintiff appears pro se and, in view of the fact that his Complaint has yet to be served, no appearance has been made on behalf of the Defendants.

For reasons which follow, we recommend that the Complaint be dismissed, as frivolous, and that the Plaintiff's Application to Proceed in forma pauperis be denied, as moot.

(3)

FILED APR 20 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

## II. Factual and Procedural Background

On April 16, 2001, the Plaintiff filed a Complaint with the Clerk of Court, together with an Application to Proceed in forma pauperis. His Complaint, which is directed against the Minnesota Department of Corrections, and the Warden and Assistant Warden of the prison at Rush City, relates as follows:

> Approximately at 3 PM on Thursday afternoon my toilet stoped [sic] flushing. I then proceded [sic] to inform staff of my problem. I was told that a work order was placed. It was not fixed that day so I asked if I could be moved to another cell of which I was denied. During that time I was often ignored so I had to procede [sic] with my own coarse [sic] of action which was filling a footlocker with water from a cup so that I could force the bodily waste with the water down the drain. This went on from 3 PM Thursday the 22nd of March till the 26th of March 8 AM Monday. Representatives for the Department of Corrections under Warden Bert Mohs and Asst. Warden John King are Sgt. Bingham, Sgt. Bartz, Sgt. Freidl, Sgt. Averil, Acting Sgt. Vanderberg, C.O. Nordstrom, C.O. Wilson. [All] knew of my problem but did nothing in the form of moving me to a functional unit.

See, Complaint, at 3.

Notably, the Plaintiff has failed to identify any statute or constitutional right which has been violated.

## III. Discussion

A. Standard of Review. Pursuant to Congressional directive, as well as the preexisting law of this Circuit, actions which have been provisionally commenced in conjunction with an Application to

proceed in forma pauperis, are to be immediately reviewed -- prior to the service of the process, and prior to a decision on whether to grant in forma pauperis standing -- for possible dismissal for frivolousness, pursuant to Section 1915(e)(2)(B)(i). See, Title 28 U.S.C. §1915(a); see also, Ross v. Social Security Admin., 949 F.2d 1021, 1022 (8th Cir. 1991); see also, Carney v. Houston, 33 F.3d 893, 895 (8th Cir. 1994), citing Gentile v. Missouri Dept. of Corrections, 986 F.2d 214 (8th Cir. 1993).[1]

When it first extended the right to proceed in forma pauperis, Congress "intended to guarantee that no citizen shall be denied an opportunity to commence, prosecute, or defend an action, civil or

[1]Section 1915(e)(2) was enacted as part of the Prison Litigation Reform Act of 1995 (Pub.L. No. 104-134, 110 Stat. 1321 (1996)) ("the PLRA"). It replaces Section 1915(d), which authorized the dismissal of an in forma pauperis complaint only if it was found to be "frivolous." Neitzke v.Williams, 490 U.S. 317, 325 (1989)(holding that a Complaint is "frivolous" and therefore subject to dismissal under § 1915(d) "where it lacks an arguable basis either in law or in fact"). Section 1915(e)(2), which is applicable to all cases filed after April 26, 1996, (the effective date of the PLRA), provides for dismissal of IFP cases not only where the complaint is "frivolous," (Section 1915(e)(2)(B)(I)), but also where it "fails to state a claim on which relief may be granted" (Section 1915(e) (2) (B) (ii)).

With the enactment of Section 1915(e)(2)(B)(ii), it is no longer necessary for the Court to determine whether the instant complaint is "frivolous." Nevertheless, as a matter of indulgence, we address the Plaintiff's claim under the more lenient "frivolous" standard, and we find that the Plaintiff has not advanced "any rational argument in law or fact entitling him to relief." Williams v. White, 897 F.2d 942, 944 (8th Cir. 1990).

criminal, in any court of the United States, solely because * * * poverty makes it impossible * * * to pay or secure the costs of litigation." Denton v. Hernandez, 504 U.S. 25, 31 (1992) [internal quotations and citations omitted]. At the same time, "Congress recognized that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." Id. [internal quotations and citations omitted]. Therefore, Congress, as discussed above, has instructed us to sua sponte dismiss any in forma pauperis application, whose underlying complaint is frivolous.[2]

A complaint is frivolous "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Ross v. Social Security Admin., supra. Expressed somewhat more fully, "section 1915 dismissals should be made only where it

---

[2]Section 1915(e)(2) now states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that
>
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal-
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

is determined the lawsuit is baseless and that the plaintiff cannot make any rational argument in law or fact entitling him to relief." Williams v. White, supra at 944. In this reviewing process, pro se complaints must be liberally construed and a dismissal is warranted, only if the face of the complaint shows some insuperable bar to relief. See, Denton v. Hernandez, 504 U.S. 25, 32 (1992); Haines v. Kerner, 404 U.S. 519, 520 (1972); Munz v. Parr, 758 F.2d 1254, 1258 (8th Cir. 1985). Sua sponte dismissals are disfavored. See, Divers v. Department of Corrections, 921 F.2d 191, 193 (8th Cir. 1990); Haley v. Dormire, 845 F.2d 1488, 1490 (8th Cir. 1988). In a close case, the Trial Court should permit the claim to proceed at least to the point where responsive pleadings are required. Neitzke v. Williams, supra at 323; Williams v. White, supra at 943.

In a sua sponte review of a Complaint under Section 1915(e)(2)(i), the Court must assume the task of dissecting the Complaint and of eliminating mere rhetoric and legal or factual conclusions, in order to rationally determine if there are any sound factual allegations that will constitute a claim upon which relief can be granted on a legally arguable basis. Cf., White v. Bloom, 621 F.2d 276 (8th Cir. 1980).

Accordingly, we now review the Plaintiff's Complaint, with the focus of our inquiry being directed by the provisions of Section 1915(e)(2)(B)(i), in order to determine if this action can survive

the test of frivolousness. See, Williams v. White, 897 F.2d 942, 944 n. 1 (8th Cir. 1990).

B. Legal Analysis. With these precepts in mind, we find the Plaintiff's claim to be frivolous. Assuming, as we must, the truth of the Plaintiff's Complaint, we recognize the inconvenience to which the Plaintiff was put as a result of a defect in his water closet. Employing ingenuity, and some amount of labor, the Plaintiff admittedly overcame the difficulty by a make-shift means. He does not assert any property or personal injury, he does not so much as suggest that his health or safety were compromised, and he has failed to intimate, however obliquely, that any Federal statutory, regulatory, or Constitutional provision was violated so as to deny him his civil rights. Not every stressor in life sustains a claim under Title 42 U.S.C. §1983, and the Plaintiff has here identified a solitary stressor which, while unfortunate, does not afford him, as a matter of law, with a legally cognizable claim under that Section. As a consequence, we are obligated to recommend that his Complaint be dismissed, as frivolous, pursuant to Title 28 U.S.C. §1915(e)(2) (B)(i), and that his Application to Proceed in forma pauperis be denied as moot.

NOW, THEREFORE, It is --

RECOMMENDED:

That the Plaintiff's Complaint [Docket No. 1] be dismissed as frivolous, pursuant to Title 28 U.S.C. §1915(e)(2)(B)(i), and that his Application to proceed _in forma pauperis_ [Docket No. 2] be denied as moot.

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than May 7, 2001**, a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no**

**later than May 7, 2001,** unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.